UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA ANN CAVER,

    Plaintiff,

vs.

Case No. 04-CV-72587
HON. GEORGE CARAM STEEH

DALE M. KASMIER, et al.,

    Defendants.

_____/

<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION FOR APPOINTMENT OF COUNSEL (#35); DENYING AS MOOT PLAINTIFF'S REQUEST TO REPRESENT HERSELF (#34); DENYING PLAINTIFF'S MOTION TO CHANGE SCHEDULING ORDER AND STAY PROCEEDINGS (#33); AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANTS' RESPONSE TO PLAINTIFF'S FORMER COUNSEL'S MOTION TO WITHDRAW (#32)</u>

    Plaintiff Theresa Carver, then through retained counsel, filed a Second Amended Complaint on April 26, 2005 alleging defendants Wayne County and County employees Dale Kasmier, Don Sharp, and Keith Lawrence are liable for race and sex discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as well as for intentional infliction of emotional distress, for failing to promote plaintiff to the employment position of Food Service Manager.  The Law Offices of Nanette L. Korpi, P.L.C.'s subsequent motion to withdraw as plaintiff's counsel was granted on August 16, 2005, and these proceedings were stayed for 30 days to allow plaintiff adequate time to secure new counsel.  See August 16, 2005 Order.  The court's Scheduling Order was also amended to provide that:

discovery cut-off is October 12, 2005; dispositive motion cut-off is November 14, 2005; final pretrial order is due February 21, 2006; final pretrial conference will be held on February 27, 2006 at 9:00 a.m. in Detroit, and; a jury trial will commence on March 7, 2006 at 9:00 a.m. in Detroit. Id. Plaintiff, now appearing pro per, filed four motions on September 12, 2005: (1) motion for reconsideration for the appointment of counsel; (2) motion to represent herself; (3) motion to change the current scheduling order and again stay these proceedings, and; (4) motion to "dismiss" defendants' response to plaintiff's former Counsel's motion to withdraw. It is ORDERED that the motions be resolved without oral argument. E.D. Mich. Local R. 7.1(e)(2).

Plaintiff's motion for reconsideration for the appointment of counsel to represent her is without merit. Plaintiff is not entitled to appointment of counsel because this is a civil lawsuit. See Shepard v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) (citing Iannaccone v. Law, 142 F.3d 553, 556 (2d Cir.1998) (civil litigants who are unable to afford counsel cannot have counsel appointed unless there is a risk of loss of liberty)). Plaintiff's employment discrimination claims do not implicate a loss of liberty. As plaintiff was informed at the August 16, 2005 hearing on her prior Counsel's motion to withdraw, plaintiff is entitled to proceed in pro per, and therefore her motion to represent herself is moot. Plaintiff's motion to "dismiss" defendants' response to plaintiff's former Counsel's motion to withdraw is likewise moot as the motion to withdraw has been granted. Plaintiff has not shown cause for a further modification of the court's scheduling order, or for a further stay of these proceedings. See Fed. R. Civ. P. 16(b). Accordingly,

Plaintiff's motion for reconsideration for the appointment of counsel, motion to represent herself, motion to change the current scheduling order and stay these

proceedings, and motion to "dismiss" defendants' response to plaintiff's former Counsel's motion to withdraw, are each hereby DENIED.

   SO ORDERED.

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 20, 2005, by electronic and/or ordinary mail.

                              s/Josephine Chaffee
                              Secretary/Deputy Clerk